1   DAVID B. ABEL (Bar No. CA-156744)
     david.abel@dlapiper.com
2   DLA PIPER LLP (US)
     2000 Avenue of the Stars
3   Suite 400 North Tower
     Los Angeles, CA  90067-4704
4   Tel:  310.595.3000
     Fax:  310.595.3300
5

6   R. Blake Johnston (*to be admitted pro hac vice*)
     blake.johnston@dlapiper.com
     DLA Piper LLP (US)
7   203 North LaSalle Street, Suite 1900
     Chicago, IL  60601
8   Tel.  312.368-8921
     Fax  312.630.6310
9

10  Attorneys for Defendants
     Marmon Group LLC dba Wells Lamont
     and WELLS LAMONT
11

12             UNITED STATES DISTRICT COURT

13            CENTRAL DISTRICT OF CALIFORNIA

14

| | |
|---|---|
| IRONCLAD PERFORMANCE WEAR CORPORATION, a California corporation, | CASE NO.  CV 12-1558 – CAS (PJWx) |
| | **DEFENDANT WELLS LAMONT LLC'S ANSWER TO COMPLAINT** |
| Plaintiff, | |
| v. | Judge:  Hon. Christina A. Snyder |
| | Complaint Filed:  February 23, 2012 |
| MARMON GROUP LLC, an Illinois Limited Liability Company, dba Wells Lamont, WELLS LAMONT, a business entity of unknown form, | |
| | **[Demand for Jury Trial]** |
| Defendants. | |

NOW COMES Defendant, The Marmon Group LLC ("TMG"), incorrectly named as "MARMON GROUP LLC, d/b/a Wells Lamont," by and through its counsel of record, R. Blake Johnston of DLA Piper LLP (US), and in answer to the Complaint filed by Plaintiff Ironclad Performance Wear Corporation ("Ironclad"), states as follows:

## **NATURE OF THE CASE**

1.      In response to paragraph 1, TMG admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) over the claims brought against TMG in this suit, but TMG denies any liability thereunder.

2.      In response to paragraph 2, denied as to TMG. TMG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 2 as to Wells Lamont; and, therefore the same are denied.

## **THE PARTIES**

3.      In response to paragraph 3, TMG lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 3; and, therefore the same are denied.

4.      In response to paragraph 4, admitted that The Marmon Group LLC has a principal place of business located at 181 West Madison St., 26th floor, Chicago, IL 60602-4504 (zip code correctly stated).  TMG lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 4; and, therefore the same are denied.

5.      In response to paragraph 5, TMG lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 5; and, therefore the same are denied.

1  | **CLAIM FOR RELIEF**

2  | **INFRINGEMENT OF U.S. PATENT NO. 7,287,285**

3  6.    In response to paragraph 6, TMG re-alleges and incorporates herein by
reference its responses in Paragraphs 1 through 5, inclusive, as though fully set
forth herein.

7.    In response to paragraph 7, TMG admits that the cover page of United
States Patent No. 7,287,285 (the "'285 Patent) is entitled "Glove Construction
Wherein Palm Material Rolls Over Fingertip" and that a copy of that patent appears
to be attached to the Complaint. Except as specifically admitted, TMG lacks
knowledge or information sufficient to form a belief about the truth of the
remaining allegations of Paragraph 7; and, therefore, the same are denied.

8.    In response to paragraph 8, denied as to TMG. TMG lacks knowledge
or information sufficient to form a belief about the truth of the allegations regarding
the other Defendant; and, therefore the same are denied.

9.    In response to paragraph 9, Denied as to TMG. TMG lacks knowledge
or information sufficient to form a belief about the truth of the allegations regarding
the other Defendant; and, therefore the same are denied.

10.    In response to paragraph 10, Denied as to TMG. TMG lacks
knowledge or information sufficient to form a belief about the truth of the
allegations regarding the other Defendant; and, therefore the same are denied.

**RESPONSE TO PRAYER FOR RELIEF**

TMG denies that Ironclad is entitled to any of the relief requested in its
prayer for relief.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**
**(Failure to State a Claim)**

The Complaint fails to state a claim upon which relief can be granted.

DLA Piper LLP (US)
Los Angeles

EAST\49576874.2

-2-

ANSWER TO COMPLAINT

## Second Affirmative Defense
### (Lack of Personal Jurisdiction)

This Court lacks personal jurisdiction over TMG. TMG is not incorporated in California, does not have its principal place of business in California, and does not manufacture or sell any products in California or anywhere.

## Third Affirmative Defense
### (Improper Venue / Forum non Conveniens)

The Complaint should be dismissed as to TMG because venue is not proper in this Court.  TMG is not incorporated in California, does not have its principal place of business in California, and does not manufacture or sell any products in California or anywhere.

## Fourth Affirmative Defense
### (Invalidity)

The subject matter of the '285 patent does not meet the requirements of 35 U.S.C. § 101, *et seq.*, and the '285 patent therefore is invalid, void, and unenforceable because it fails to meet the conditions specified in 35 U.S.C. § 101, *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and/or 116.

## Fifth Affirmative Defense
### (Noninfringement)

TMG has not and does not infringe the '285 Patent, either directly or indirectly, literally or under the doctrine of equivalents.

## Sixth Affirmative Defense
### (Laches, Waiver and Estoppel)

Any claim for damages for patent infringement of the '285 Patent is limited by the doctrines of waiver, acquiescence, and estoppel, including without limitation

1  prosecution history estoppel, unclean hands and laches, and/or the '285 Patent is

2  unenforceable under one or more of those doctrines.

### Seventh Affirmative Defense
### (35 U.S.C. § 287)

5  Any claim for damages for patent infringement by TMG is limited by 35

6  U.S.C. § 287 to those damages occurring only after the notice of infringement.

### Eighth Affirmative Defense
### (Limitation on Damages)

9  Ironclad's claims for monetary relief are limited to a reasonable royalty, if

10  any.

### Ninth Affirmative Defense
### (Limitation on Injunctive Relief)

13  Ironclad's prayers for injunctive relief are barred by the availability of an

14  adequate remedy at law, to the extent any remedy is justified.  Ironclad will not

15  suffer any irreparable harm or injury in the absence of injunctive relief.

### Tenth Affirmative Defense
### (Intervening Rights)

18  Plaintiff's claims are barred by the doctrine of intervening rights, arising

19  from claims amended or added during the patent reexamination proceedings.

### Eleventh Affirmative Defense
### (Patent Expiration)

22  TMG alleges on information and belief that any claim of patent infringement

23  against TMG concerning the '285 Patent is limited by the expiration of the '285

24  Patent for failure to pay the required maintenance fees.

### Twelfth Affirmative Defense
### (Reservation of Additional Defenses)

27  TMG reserves all affirmative defenses under Rule 8(c) of the Federal Rules

28  of Civil Procedure, the Patent Laws of the United States, and any other defenses, at

-4-

1   law and equity, that may now or in the future be available based on discovery or

2   any other factual investigation concerning this case or any related action.

3

4   Dated:  July 18, 2012                          Respectfully submitted.

5

6                                        By:  /s/ David B. Abel

7                                           David B. Abel
                                          DLA PIPER LLP  (US)
8                                           2000 Avenue of the Stars Suite 400
                                          North Tower
9                                           Los Angeles, CA  90067-4704
                                          Tel. 310.595.3000
10                                          Fax 310.595.3300
                                          david.abel@dlapiper.com

11                                          R. Blake Johnston (*to be admitted pro hac
                                          vice*)
12                                          DLA PIPER LLP (US)
                                          203 North LaSalle Street, Suite 1900
13                                          Chicago, IL  60601
                                          Tel.  312.368-8921
14                                          Fax  312.630.6310
                                          blake.johnston@dlapiper.com

15                                          *Attorneys for Wells Lamont LLC*

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**JURY DEMAND**

2

Wells Lamont demands a trial by jury of all issues so triable in this action.

3

4

Dated:  July 18, 2012                    Respectfully submitted.

5

6

By:   /s/ David B. Abel

7

David B. Abel
DLA PIPER LLP (US)

8

2000 Avenue of the Stars Suite 400
North Tower

9

Los Angeles, CA  90067-4704
Tel. 310.595.3000

10

Fax 310.595.3300
david.abel@dlapiper.com

11

R. Blake Johnston (*to be admitted pro hac*

12

*vice*)
DLA PIPER LLP (US)

13

203 North LaSalle Street, Suite 1900
Chicago, IL  60601

14

Tel.  312.368-8921
Fax  312.630.6310

15

blake.johnston@dlapiper.com

16

*Attorneys for Wells Lamont LLC*

17

18

19

20

21

22

23

24

25

26

27

28