1  DAVID B. ABEL (Bar No. CA-156744)
   david.abel@dlapiper.com
2  DLA PIPER LLP (US)
   2000 Avenue of the Stars
3  Suite 400 North Tower
   Los Angeles, CA  90067-4704
4  Tel:  310.595.3000
   Fax:  310.595.3300
5
   R. Blake Johnston (*to be admitted pro hac vice*)
6  blake.johnston@dlapiper.com
   DLA Piper LLP (US)
7  203 North LaSalle Street, Suite 1900
   Chicago, IL  60601
8  Tel.  312.368-8921
   Fax  312.630.6310
9
   Attorneys for Defendants
10 Marmon Group LLC dba Wells Lamont
   and WELLS LAMONT
11

12            UNITED STATES DISTRICT COURT

13            CENTRAL DISTRICT OF CALIFORNIA

14

15 | IRONCLAD PERFORMANCE WEAR | CASE NO.  CV 12-1558 – CAS (PJWx) |
   CORPORATION, a California
16 corporation,

| | **DEFENDANT WELLS LAMONT LLC'S ANSWER TO COMPLAINT** |

17            Plaintiff,

18      v.                         Judge:  Hon. Christina A. Snyder

19 MARMON GROUP LLC, an Illinois    Complaint Filed:  February 23, 2012
   Limited Liability Company, dba Wells
20 Lamont, WELLS LAMONT, a
   business entity of unknown form,    **[Demand for Jury Trial]**

21            Defendants.

22

23

24

25

26

27

28

NOW COMES Defendant Wells Lamont LLC ("Wells Lamont"), incorrectly named as "WELLS LAMONT," for itself only by and through its counsel of record, DLA Piper LLP (US), and in answer to the Complaint filed by Plaintiff Ironclad Performance Wear Corporation ("Ironclad"), states as follows:

## NATURE OF THE CASE

1.      In response to paragraph 1, Wells Lamont acknowledges that the Complaint purports to state a case initiating an action for patent infringement under the Patent Laws of the United States, as set forth in 35 U.S.C. §§271, 281, 283, 284 and 285.  Wells Lamont acknowledges that the Complaint asserts that this Court has jurisdiction under 28 U.S.C. §§1338(a) and 1331. Wells Lamont denies that there has been any actionable activity for infringement and denies that this Court has jurisdiction.

2.      In response to paragraph 2, Wells Lamont admits that venue is proper in this district under 28 U.S.C. §§ 1391 (b) and (c) and 1400(b) as to Wells Lamont. Wells Lamont acknowledges that the Complaint asserts that venue is proper under 28 U.S.C. §§1400(b) and 1391(b) and (c). Wells Lamont denies that there has been any actionable activity for infringement and denies that venue is proper and denies the remaining allegations of Paragraph 2.

## THE PARTIES

3.      In response to paragraph 3, Wells Lamont lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 3 and therefore the allegations are denied.

4.      In response to paragraph 4, Wells Lamont lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 4 and therefore the allegations are denied.

5.      In response to paragraph 5, admitted that Wells Lamont LLC has a principal place of business located at 6640 West Touhy Avenue, Chicago, IL 50714-4587.  Wells Lamont lacks knowledge or information sufficient to form a

belief about the truth of the remaining allegations of Paragraph 5 and therefore the remaining allegations are denied.

### CLAIM FOR RELIEF

### INFRINGEMENT OF U.S. PATENT NO. 7,287,285

6.     In response to paragraph 6, Wells Lamont incorporates by reference the preceding responses as though fully set forth herein.

7.     In response to paragraph 7, Wells Lamont admits that the cover page of United States Patent No. 7,287,285 (the "'285 Patent) is entitled "Glove Construction Wherein Palm Material Rolls Over Fingertip" and that a copy of that patent appears to be attached to the Complaint. Except as specifically admitted, Wells Lamont lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 7 and therefore the allegations are denied.

8.     In response to paragraph 8, Denied as to Wells Lamont. Wells Lamont lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the other Defendant and therefore the allegations are denied.

9.     In response to paragraph 9, Denied as to Wells Lamont. Wells Lamont lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the other Defendant and therefore the allegations are denied.

10.     In response to paragraph 10, Denied as to Wells Lamont. Wells Lamont lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the other Defendant and therefore the allegations are denied.

### RESPONSE TO PRAYER FOR RELIEF

Wells Lamont denies that Ironclad is entitled to any of the relief requested in its prayer for relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense
### (Invalidity)

The subject matter of the '285 patent does not meet the requirements of 35 U.S.C. § 101, *et seq.*, and the '285 patent therefore is invalid, void, and unenforceable because it fails to meet the conditions specified in 35 U.S.C. § 101, *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and/or 116.

### Third Affirmative Defense
### (Noninfringement)

Wells Lamont has not and does not infringe the '285 Patent, either directly or indirectly, literally or under the doctrine of equivalents.

### Fourth Affirmative Defense
### (Laches, Waiver and Estoppel)

Any claim for damages for patent infringement of the '285 Patent is limited by the doctrines of waiver, acquiescence, and estoppel, including without limitation prosecution history estoppel, unclean hands and laches, and/or the '285 Patent is unenforceable under one or more of those doctrines.

### Fifth Affirmative Defense
### (35 U.S.C. § 287)

Any claim for damages for patent infringement is limited by 35 U.S.C. § 287 to those damages occurring only after the notice of infringement.

### Sixth Affirmative Defense
### (Limitation on Damages)

Ironclad's claims for monetary relief are limited to a reasonable royalty, if any.

### Seventh Affirmative Defense
### (Limitation on Injunctive Relief)

Ironclad's prayers for injunctive relief are barred by the availability of an adequate remedy at law, to the extent any remedy is justified.  Ironclad will not suffer any irreparable harm or injury in the absence of injunctive relief.

### Eighth Affirmative Defense
### (Intervening Rights)

Ironclad's claims are barred by the doctrine of intervening rights, arising from claims amended or added during the patent reexamination proceedings.

### Ninth Affirmative Defense
### (Patent Expiration)

Wells Lamont alleges on information and belief that any claim of patent infringement concerning the '285 Patent is limited by the expiration of the '285 Patent for failure to pay the required maintenance fees.

### Tenth Affirmative Defense
### (Reservation of Additional Defenses)

Wells Lamont reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law and equity, that may now or in the future be available based on discovery or any other factual investigation concerning this case or any related action.

## WELLS LAMONT'S COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant/Counterclaimant Wells Lamont LLC ("Wells Lamont") brings the following counterclaims against Plaintiff/Counter Defendant Ironclad Performance Wear Corporation ("Ironclad"), as follows:

### THE PARTIES

1.      Wells Lamont is a Delaware corporation with its principal place of business at 6640 West Touhy Avenue, Chicago, IL 60714-4587.

2.      Ironclad is a corporation duly organized and existing under the laws of the State of California with its principal place of 2201 Park Place, Suite 101, El Segundo, CA  90245.

### JURISDICTION AND VENUE

3.      This is an action for declaratory relief.  This Court has jurisdiction over this counterclaim based on 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

4.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c) and 1400(b).

### THE PATENT IN SUIT

5.      The United States Patent and Trademark Office issued United States Patent No. 7,287,285 (the "'285 Patent), entitled "Glove Construction Wherein Palm Material Rolls Over Fingertip" on October 30, 2007.  Ironclad alleges in its Complaint that it is the current owner by assignment of the '285 Patent.

### EXISTENCE OF AN ACTUAL CONTROVERSY

6.      On February 23, 2012, Ironclad filed a Complaint against Wells Lamont alleging that Wells Lamont infringes the '285 Patent and actively induces and contributes to the infringement of the '285 Patent.

7.      Wells Lamont disputes the validity of the '285 Patent and denies that it has infringed the '285 Patent or has induced or contributed to its infringement.

8.     There is an actual and justiciable controversy between Ironclad and Wells Lamont with respect to the validity, enforceability, and infringement, or lack thereof, of the '285 Patent.

## First Counterclaim
### (Declaration of Noninfringement of the '285 Patent)

9.     Well Lamont hereby incorporates and re-alleges Paragraphs 1 through 8 above as though fully set forth herein.

10.     Ironclad has alleged, and now alleges, that Wells Lamont has been and is directly and/or indirectly infringing the '285 Patent by making, using, selling, or offering to sell in the United States "'Womens Ultimate Work Gloves,' product number 7650."

11.     Wells Lamont has alleged, and hereby alleges, that it has not infringed and presently is not infringing the '285 Patent, either literally or under the doctrine of equivalents.  Wells Lamont also has alleged, and hereby alleges, that it has not and presently is not actively inducing or contributing to the infringement of the '285 Patent.  As such, Wells Lamont has alleged, and hereby continues to allege, that it is not liable for damages arising from the allegations.

12.     Wells Lamont desires and requests a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited above.  Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the non-infringement, unenforceability, and invalidity of the '285 Patent.

## Second Counterclaim
### (Declaration of Invalidity of the '285 Patent)

13.     Wells Lamont hereby incorporates and re-alleges Paragraphs 1 through 12 above as though fully set forth herein.

14.     The '285 Patent is invalid for failing to meet the conditions specified in 35 U.S.C. § 101, *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and/or 116.

15.     Based on the foregoing, Wells Lamont is entitled to a judgment that the '285 Patent is invalid against Wells Lamont, and to an award of damages that Wells Lamont has suffered from the unlawful assertion of the '285 Patent by Ironclad.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant/Counterclaimant Wells Lamont LLC prays for relief as follows:

A.     That Ironclad's Complaint be dismissed in its entirety with prejudice and that Ironclad take nothing thereon;

B.     That Ironclad's request for injunctive relief against Wells Lamont be denied;

C.     For an entry of judgment declaring that each of the asserted claims of the '285 Patent are invalid, void, and without force and effect;

D.     For an entry of judgment declaring that Wells Lamont has not infringed and does not infringe, either directly, contributorily or through inducement, any of the claims of the '285 Patent;

E.     For an entry of judgment declaring that the claims of the '285 Patent are unenforceable for inequitable conduct;

F.     For an entry of judgment declaring that Wells Lamont is entitled to intervening rights;

G.     That Wells Lamont be awarded its costs, disbursements, and attorneys' fees and costs (including expert fees) incurred in this action pursuant to 35 U.S.C. § 285, and other provisions of law; and

1            H.     That Wells Lamont be granted such other and further relief as

2    the Court deems just and proper.

3

4    Dated:  July 18, 2012              Respectfully submitted.

5

6                        By:  /s/ David B. Abel       

7                        David B. Abel
                         DLA PIPER LLP  (US)

8                        2000 Avenue of the Stars Suite 400
                         North Tower

9                        Los Angeles, CA  90067-4704
                         Tel. 310.595.3000

10                       Fax 310.595.3300
                         david.abel@dlapiper.com

11                       R. Blake Johnston (*to be admitted pro hac*
                         *vice*)

12                       DLA PIPER LLP (US)
                         203 North LaSalle Street, Suite 1900

13                       Chicago, IL  60601
                         Tel.  312.368-8921

14                       Fax  312.630.6310
                         blake.johnston@dlapiper.com

15

16                       *Attorneys for Wells Lamont LLC*

17

18

19

20

21

22

23

24

25

26

27

28

EAST\49551300.1

-8-

ANSWER TO COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY DEMAND**

Wells Lamont demands a trial by jury of all issues so triable in this action.

Dated:  July 18, 2012

Respectfully submitted.

By:   /s/ David B. Abel

David B. Abel
DLA PIPER LLP  (US)
2000 Avenue of the Stars Suite 400
North Tower
Los Angeles, CA  90067-4704
Tel. 310.595.3000
Fax 310.595.3300
david.abel@dlapiper.com

R. Blake Johnston (*to be admitted pro hac vice*)
DLA PIPER LLP (US)
203 North LaSalle Street, Suite 1900
Chicago, IL  60601
Tel.  312.368-8921
Fax  312.630.6310
blake.johnston@dlapiper.com

*Attorneys for Wells Lamont LLC*

DLA PIPER LLP (US)
LOS ANGELES

EAST\49551300.1

ANSWER TO COMPLAINT